# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

UNITED STATES OF AMERICA                           PLAINTIFF

v.                        No. 2:20-cr-158-DPM

CHRISTOPHER BROWN                                  DEFENDANT

## ORDER

1. In March 2019, West Memphis Officer Dustin Laws approached a car that Brown and others were sitting in at Southland Gaming and Racing. As he approached, the folks inside started opening doors; and a passenger in the backseat put something inside a beer can with ashes on top. As the men were getting out of the car, Laws saw a puff of smoke come from the car and smelled marijuana. He told everyone to stay in the car and noticed that their eyes were red and watery. Laws then asked the driver whether there was any marijuana in the car; and the driver handed over a plastic bag with about five grams of it. Laws removed everyone from the car and detained them. As Laws was about to search the vehicle, the driver told him that his gun was in the glove box. Laws's search turned up another gun under Brown's seat and a bag containing cash, scales, marijuana, a pill bottle, and other personal items. Brown told Laws that the bag was his and that the money inside was his tax money. Brown is charged with being a felon in possession of the pistol found under his seat.

The parties don't dispute these facts. Instead, the core of Brown's motion to suppress is a presumption: he says it's "not clear" how Laws made contact with the car, but that it was "presumably with his blue lights activated[.]" *Doc. 20 at 2 & 5.* Brown therefore argues that he was unlawfully seized.

**2.** Brown's presumption isn't enough. The Court must hold an evidentiary hearing on a motion to suppress only when "the moving papers are sufficiently definite, specific, detailed, and nonconjectural" for the Court to conclude that contested issue of material fact exist. *United States v. Mims*, 812 F.2d 1068, 1073–74 (8th Cir. 1987) (quotation omitted). Here, Brown suspects that Laws activated his blue lights when approaching the car; but he hasn't pointed to any evidence — either already in the record or to be offered at a hearing — that would support a finding to that effect.

Without the blue-lights presumption, Laws's initial approach was a consensual encounter, not a seizure. *United States v. Flores*, 474 F.3d 1100, 1103 (8th Cir. 2007). Laws probably did seize Brown when he told the men to stay in the car. But by that point, Laws had seen the puff of smoke come from the car and had smelled marijuana. It was therefore reasonable for him to maintain the status quo while investigating further. *United States v. Sanders*, 510 F.3d 788, 790–91 (8th Cir. 2007). And as the United States argues, Fourth Amendment reasonableness —

not compliance with the Arkansas rules—is the touchstone.  Brown's motion therefore fails.

**3.** In his recitation of facts, Brown suggests that his statements in a post-arrest interview at the jail may have been involuntary or coerced. *Doc. 20 at 3.*  But he did not include any law or argument on that point or otherwise request that the Court suppress his statements.  The Court therefore won't address them here.

\*   \*   \*

Motion to suppress evidence, *Doc. 20*, denied.

So Ordered.

NPMarshall Jr.

D.P. Marshall Jr.
United States District Judge

29 July 2021